**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| **SHANNON BUSH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:23-cv-00496** |
| | ) | |
| | ) | |
| **NATIONAL WHOLESALE** | ) | |
| **COMPANY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT WITH DEMAND**
**FOR JURY TRIAL**

COMES NOW the Plaintiff, SHANNON BUSH ("Plaintiff" or "Bush"), files her First Amended Complaint against the Defendant, NATIONAL WHOLESALE COMPANY, INC., ("Defendant" or "NWC"), and states the following:

**NATURE OF THE CLAIMS**

1.      This is an action for monetary damages and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq., as amended* by the Pregnancy Discrimination Act of 1978 (hereinafter "Title VII"), the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA") toredress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of her pregnancy and her disability, unlawful interference with Plaintiff's rights under the FMLA, and retaliation for Plaintiff's protected requests, leading to her unlawful termination.

1

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII, ADA, and the FMLA.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

**THE PARTIES**

4.      Plaintiff, Bush, is a citizen of the United States was at all times material, a resident of the State of Georgia.

5.      Defendant, NWC, is a For-Profit Corporation operating in this District at its 400 National Boulevard Lexington, North Carolina 27292 location.

6.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

7.      Plaintiff has complied with all statutory prerequisites to filing this action.

**PROCEDURAL REQUIREMENTS**

8.      On or about July 8, 2022, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on pregnancy and disability discrimination and retaliation.

9.      Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

10.     On April 18, 2023, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

11.     This complaint was filed within ninety (90) days of the EEOC's issuance of the Dismissal and Notice of Rights.

## **FACTUAL ALLEGATIONS**

12.       Plaintiff was employed by Defendant on or about April 1, 2021 as a full-time employee working or exceeding forty hours per week. At the time of her separation from Defendant Plaintiff held the position of Order Processor.

13.       At all relevant times, Plaintiff suffered from a history of high-risk pregnancy complications that increased her risk of having a miscarriage.

14.       Plaintiff's disability substantially limited one or more of her major life activities, including standing for long periods of time, and a need for a seating position for most of her working hours, and constitutes a disability under applicable law.

15.       Plaintiff was able to perform essential job functions.

16.       In January 2022, Plaintiff informed Defendant's Chief Financial Officer, Carol Snow, that Plaintiff was pregnant and due around May 21, 2022.

17.       Plaintiff also informed Ms. Snow that Plaintiff's pregnancy was high risk due to Plaintiff having preeclampsia, gestational diabetes, and fetal growth restriction.

18.       Preeclampsia, gestational diabetes, and fetal growth restriction are all disalbities brought on by Plaintiff's pregnancy.

19.       Later that day, in regard to Plaintiff's pregnancy and her pregnancy related complications, Ms. Snow asked, "I thought you were getting that fixed after your last child?"

20.       Ms. Snow asked this question in the workplace breakroom in front of other employees, Cheryl Davis, Regina Frank, and Jennifer Meyer, Human Resources Manager for Defendant.

21.       Ms. Meyer did not take remedial action in response to hearing Ms. Snow's comment.

22.     On or about April 28, 2022, Plaintiff spoke with Ms. Meyer about beginning her maternity leave.

23.     Ms. Meyer falsely informed Plaintiff that she did not qualify for FMLA leave.

24.     When Plaintiff asked why and if there were any other options for her to take leave, Ms. Meyer repeatedly stated that Plaintiff did not qualify for any leave and had no option other than to quit.

25.     At the end of the conversation, Ms. Meyer asked Plaintiff to turn in her badge and key fob, which Plaintiff complied, ending Plaintiff's employment with Defendant.

26.     Defendant did not terminate, discriminate, or retaliate against similarly-situated male employees or female employees who were not pregnant.

27.     Defendant's termination was also in retaliation to Plaintiff seeking leave that should have been covered by the FMLA.

28.     On or about May 4, 2022, and May 23, 2022, Plaintiff emailed Ms. Meyer and Ms. Snow, informed them that Plaintiff would be cleared to return to work on June 6, 2022, and inquired about being re-hired at that time.

29.     In response, Plaintiff was told that her position was filled, and Defendant was not hiring.

30.     The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

31.     Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

32.     The unlawful employment practices complained of in the above-mentioned paragraphs were intentional. The unlawful employment practices complained of in the above-

4

mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

33.     Plaintiff has been damaged by Defendant's illegal conduct.

34.     Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: Sex, Including Pregnancy and Maternity Based Discrimination in Violation of Title VII *as amended by* the Pregnancy Discrimination Act of 1978

35.     Plaintiff re-alleges and adopts, as if fully set forth here, the allegations stated in Paragraphs 1-34 above.

36.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

37.     Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex, including pregnancy and maternity with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

38.     Defendant violated Title VII by unlawfully terminating and discriminating against Plaintiff based on her sex including pregnancy and maternity as compared to male employees and female employees who were not pregnant.

## Count II: Retaliation in Violation of Title VII *as amended by* the Pregnancy Discrimination Act of 1978

39.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

40.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

41.     Plaintiff exercised, or attempted to exercise, her rights under Title VII.

42.     Defendant retaliated against Plaintiff for exercising, or attempting to exercise, her

5

Title VII rights.

43.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

44.     Plaintiff was injured due to Defendant's willful violations of Title VII, to which she is entitled to legal relief.

## Count III: Disability Discrimination in Violation of the ADA

45.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

46.     At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

47.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

48.     Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

49.     Plaintiff was able to perform the essential functions of her job at the time of her termination.

50.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

51.     Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

52.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to

6

depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

53.     Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV: Failure to Accommodate in Violation of the ADA

54.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

55.     At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

56.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

57.     Plaintiff was able to perform the essential functions of her job at the time of her termination.

58.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

59.     Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Plaintiff's disability.

60.     Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

61.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff

7

to suffer a loss of pay, benefits, and prestige.

62.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

63.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

### Count V: Retaliation in Violation of the ADA

64.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

65.     At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

66.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

67.     Plaintiff was able to perform the essential functions of her job at the time of her termination.

68.     Defendant intentionally retaliated against Plaintiff based on her request for reasonable accommodations pursuant to her disability.

69.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

70.     Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count VI: Interference in Violation of the FMLA

71.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

72.     Plaintiff was an employee eligible for protected leave under the FMLA.

73.     Defendant is and was an employer as defined by the FMLA.

74.     Plaintiff exercised or attempted to exercise her rights under the FMLA.

75.     Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

76.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

77.     Plaintiff was injured due to Defendant's willful violations of the FMLA and she is entitled to legal relief.

## Count VII: Retaliation in Violation of the FMLA

78.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

79.     Plaintiff was an employee eligible for protected leave under the FMLA.

80.     Defendant is and was an employer as defined by the FMLA.

81.     Plaintiff exercised or attempted to exercise her rights under the FMLA. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

82.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

83.     Plaintiff was injured due to Defendant's willful violations of the FMLA and she

is entitled to legal relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)      Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)      Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c)      Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

> Respectfully Submitted:
> **/s/ Gary Martoccio**
> Gary Martoccio, Esq.
> North Carolina Bar No. 54125
> **Spielberger Law Group**
> 4890 W. Kennedy Blvd., Suite 950
> Tampa, Florida 33609
> T: (800) 965-1570
> F: (866) 580-7499
> gary.martoccio@spielbergerlawgroup.com
> *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2023, I electronically filed the foregoing with

the Clerk of Court by using the CM/ECF System which will send a notice of electronic filing for

Defendant:

Lisa M. Williford
Sean T. Placey
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
T: 336.378.5200
F: 336.378.5400
lwilliford@foxrothschild.com
splacey@foxrothschild.com

*/s/ Gary Martoccio*
Gary Martoccio