IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHANNON BUSH, )
)
              Plaintiff, )
)
v. ) 1:23-CV-496
)
NATIONAL WHOLESALE )
COMPANY, INC., )
)
              Defendant. )

# ORDER

After the Court gave plaintiff Shannon Bush leave to amend her complaint to cure pleading deficiencies with five causes of action she brought against defendant National Wholesale Company, Inc., Ms. Bush filed an amended complaint with minimal additions. NWC now moves to dismiss all five claims with prejudice. Because Ms. Bush has still not alleged facts sufficient to make her Americans with Disabilities Act and Title VII claims plausible, the motion will be granted.

## I. Procedural Background

In June 2023, Ms. Bush sued her former employer, NWC, alleging discrimination and retaliation because of her pregnancy, request for maternity leave, and disability. Doc. 1 at ¶ 1. She brought seven causes of action under three statutes: the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, and the Family and Medical Leave Act of 1993. *Id.* at ¶¶ 37–85.

NWC moved to dismiss all seven causes of action. Doc. 5 at 1. The Court allowed Ms. Bush's FMLA interference and FMLA retaliation claims to proceed. Doc. 14 at 8. The Court granted NWC's motion to dismiss the ADA and Title VII claims but gave Ms. Bush five business days to file a motion to amend. *Id.* Ms. Bush promptly filed such motion, Doc. 16, which the Court granted. Doc. 20.

Ms. Bush filed an amended complaint. Doc. 21. NWC has again moved to dismiss the ADA and Title VII claims, contending that her allegations still do not plausibly state claims for relief. Doc. 22 at ¶¶ 5–6.

**ADA Disability Discrimination Claim**

To prevail on a disability discrimination claim under the ADA, "a plaintiff must prove (1) that she has a disability, (2) that she is a qualified individual for the employment in question, and (3) that her employer discharged her (or took other adverse employment action) because of her disability." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (cleaned up). To show that an employer took an adverse action because of an employee's disability, the plaintiff must demonstrate that the employer was aware of the disability. *See Huppenbauer v. May Dep't Stores Co.*, 99 F.3d 1130 (table), 1996 WL 607087, at *7 (4th Cir. Oct. 23, 1996). The decisionmaker who took the adverse action must have actual knowledge, *see Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 124–25 (4th Cir. 2021), and the "employee must allege that his disability was a 'but-for' cause of his termination." *Kelly v. Town of Abingdon*, ___ F.4th ___, 2024 WL 14325, at *7 (4th Cir. Jan. 2, 2024) (citing *Gentry v. E. W. Partners Club Mgmt. Co.*, 816 F.3d 228, 235–36 (4th Cir. 2016)).

2

Ms. Bush has not alleged facts tending to show that Human Resources Manager Jennifer Meyer, the alleged decisionmaker, *see* Doc. 21 ¶¶ 23–25, had actual knowledge of Ms. Bush's pregnancy-related disability. She never alleges that she told Ms. Meyer about her pregnancy-related disability or that anyone else shared that information with Ms. Meyer. Nor can one infer such knowledge from the allegation that Ms. Bush told NWC Chief Financial Officer Carol Snow about the pregnancy-related complications she contends were disabling. *Id.* at ¶ 17. When Ms. Bush spoke with Ms. Meyer about beginning her maternity leave, some three months after the conversation with Ms. Snow, Ms. Meyer made no mention of any disability and only addressed FMLA leave. *Id.* at ¶¶ 22–23. Ms. Bush did not allege any other facts tending to indicate that Ms. Meyer based her decision on Ms. Bush's disability. Ms. Bush does not allege that Ms. Meyer said or did anything at all to reflect knowledge of Ms. Bush's disability or from which one could infer that Ms. Bush was terminated because of that disability.

Ms. Bush contends that Ms. Meyer "had direct and actual knowledge" that Ms. Bush had a disability. Doc. 27 at 9. She says that Ms. Meyer was aware because she was present when Ms. Snow stated, "I thought you were getting that fixed after your last child," after Ms. Bush "specifically stated she was suffering from preeclampsia, gestational diabetes, and fetal growth restriction." *Id.* But that is not what Ms. Bush alleged in the amended complaint. She alleged only that she told Ms. Snow about her disability, Doc. 21 at ¶ 17, and that later that day, Ms. Snow made the comment about "getting that fixed" in front of Ms. Meyer. *Id.* at ¶¶ 19–20. One would not understand a comment about "getting that fixed" as a reference to a pregnancy-related disability. Ms.

3

Bush's allegations do not give rise to a plausible inference that Ms. Meyer had direct knowledge of Ms. Bush's disability. And even if Ms. Meyer did know of Ms. Bush's disability, Ms. Bush has not alleged any facts to support the inference that Ms. Meyer terminated her employment because of such disability.

While the plaintiff need not include detailed facts addressing each element in the complaint and courts should draw all inferences in favor of the plaintiff at the motion to dismiss stage, enough facts must be alleged to give rise to a reasonable inference of liability. *See generally, Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Ms. Bush has not stated facts sufficient to make out a plausible disability discrimination claim under the ADA. Count three, Doc. 21 at ¶¶ 45–53, will be dismissed.

## II. ADA Failure to Accommodate Claim

To establish a failure to accommodate claim under the ADA, the plaintiff must show: (1) that she was an individual who had a disability within the statute; (2) that the employer had notice of the disability; (3) that, with reasonable accommodation, she could perform the essential functions of the position; and (4) that the employer refused to make such accommodations. *See Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013). This cause of action thus requires that a plaintiff allege facts sufficient to show that the employer refused to make an accommodation, *Parkinson v. Anne Arundel Med. Ctr.*, 79 F. App'x 602, 604 (4th Cir. 2003), after the employee made "an adequate request, thereby putting the employer on notice." *Kelly*, 2024 WL 14325, at *4 (quoting *Lashley v. Spartanburg Methodist Coll.*, 66 F.4th 168, 179 (4th Cir. 2023)). "To trigger an employer's duty to accommodate, a disabled employee need only communicate his

4

disability and desire for an accommodation." *Id.* (quoting *Jacobs*, 780 F.3d at 581) (cleaned up).

Ms. Bush has not stated a claim here because she never alleges that she requested an accommodation for her disability. She alleges that her pregnancy-related disability required her to sit for most working hours, Doc. 21 at ¶ 14, but she is completely silent about whether she requested any accommodation for her inability to stand for long periods or whether NWC denied such an accommodation request. The only thing Ms. Bush asked for was maternity leave, but she never alleges that she asked her employer for the leave as an accommodation for her pregnancy-related disability. Her non-specific allegation that she "spoke with Ms. Meyer about beginning her maternity leave," *id.* at ¶ 22, is insufficient to show "a logical bridge connecting the employee's disability to the workplace changes [she] requests." *Kelly*, 2024 WL 14325, at *5.

Ms. Bush's failure to accommodate claim cannot proceed for a second reason. She never responded to NWC's renewed argument that she did not administratively exhaust her claim. Doc. 23 at 15 n.6; Doc. 27 at 9–10. If the non-moving party does not defend against an argument, she has waived any right to contest the moving party's contention in this regard. *See Landress v. Tier One Solar LLC*, No. 15-CV-354, 2017 WL 1066648, at *2 n.7 (M.D.N.C. Mar. 21, 2017) (citing *Belk, Inc. v. Meyer Corp.*, 679 F.3d 146, 152 n.4 (4th Cir. 2012) (noting that where a party fails to develop an issue in its brief, courts have deemed the issue waived)).

Ms. Bush has not alleged facts sufficient to state a failure to accommodate claim under the ADA. Count four, Doc. 21 at ¶¶ 54–63, will be dismissed.

### III. Title VII Discrimination Claim

To prove Title VII discrimination:

> a plaintiff must show that (1) she is a member of a protected class; (2) her employer took an adverse action against her; (3) she had been fulfilling her employer's legitimate expectations at the time of the adverse action; and (4) the adverse action occurred under circumstances that raise a reasonable inference of unlawful discrimination.

*Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 649–50 (4th Cir. 2021). As discussed *supra*, the plaintiff need not include detailed facts addressing each element in the complaint, but she must allege enough facts to give rise to a reasonable inference of liability. *See generally, Ashcroft*, 556 U.S. 662.

In its order on NWC's first motion to dismiss, the Court stated:

> Here, Ms. Bush has not alleged any facts that she met her employer's expectations. She alleges that she 'was able to perform essential job functions,' Doc. 1 at ¶ 15, but she is otherwise silent about her job performance. She also did not address this omission in her response brief, Doc. 11, after NWC pointed it out. Doc. 6 at 8.

Doc. 14 at 3–4. In her amended complaint, Ms. Bush offers no new allegations about her job performance. In her response brief, she acknowledges that a plaintiff must generally allege "satisfactory job performance." Doc. 27 at 5. But she never points to facts to support that element. *See generally id.* She has not cured the identified deficiencies in her amended complaint and her Title VII discrimination claim will be dismissed.

Ms. Bush has also not adequately remedied the other deficiency with her Title VII discrimination claim. The Court explained before that Ms. Bush's "conclusory claim that she was treated differently, 'as compared to male employees and female employees who

6

were not pregnant,' Doc. 1 at ¶ 40," does not show discrimination because it "includes no specific allegations tending to show that she was treated differently from any similarly situated employees" and she did not allege "any other facts that might give rise to an inference of discrimination." Doc. 14 at 4. Ms. Bush has added only this new allegation:

> Defendant did not terminate, discriminate, or retaliate against similarly-situated male employees or female employees who were not pregnant.

Doc. 21 at ¶ 26. This revised allegation is equally conclusory, adds nothing of substance, and does not come close to the level of specificity in *Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022).

Ms. Bush has still not offered any specific allegations showing how NWC treated her differently from any similarly situated employees. A plaintiff who alleges that she is in a protected class and was terminated from her employment, accompanied only by a conclusory assertion that no other employees were terminated, discriminated, or retaliated against, without more, has not stated a claim. Her claim for discrimination in violation of Title VII (count one) will be dismissed. Doc. 21 at ¶¶ 35–38.

## IV. Title VII and ADA Retaliation Claims

The elements of a retaliation claim are generally the same under both Title VII and the ADA: a plaintiff must establish "(1) that she engaged in a protected activity; (2) that her employer took an adverse action against her; and (3) that there was a causal link between the two events." *Laurent-Workman v. Wormuth*, 54 F.4th 201, 212 (4th Cir. 2022) (Title VII); *see also Israelitt v. Enter. Servs. LLC*, 78 F.4th 647, 655 (4th Cir. 2023) (ADA).

7

In her first complaint, Ms. Bush did not state a plausible retaliation claim under Title VII or the ADA because the complaint was "silent as to any act that might constitute protected activity under" either statute. Doc. 14 at 6. Ms. Bush has not added any new factual allegations in her amended complaint to support her Title VII and ADA retaliation claims.

Ms. Bush maintains that "she engaged in protected activity under all the federal statutory schemes she alleges [including Title VII and ADA] in that she requested an accommodation in the form of maternity leave." Doc. 27 at 12. But as already explained, "[a]n inquiry about maternity leave, standing alone, is not protected under those statutes." Doc. 14 at 6; *see also McCormack v. Blue Ridge Behavioral Healthcare*, 523 F. Supp. 3d 841, 858 (W.D. Va. 2021), *aff'd per curiam* 2022 WL 16630565 (4th Cir. Nov. 2, 2022). Ms. Bush offers no authority to the contrary.

Ms. Bush has made no changes in her amended complaint to address the gaps in her Title VII and ADA retaliation claims. These claims (counts two and five), Doc. 21 at ¶¶ 39–44, 64–70, will be dismissed.

It is **ORDERED** that the defendant's motion to dismiss the plaintiff's amended complaint, Doc. 22, in part is **GRANTED**. The plaintiff's Title VII and ADA claims (counts one to five), Doc. 21 at ¶¶ 35–70, will be **DISMISSED** with prejudice.

This the 9th day of January, 2024.

                                                UNITED STATES DISTRICT JUDGE